Tuuley, J.
delivered the opinion of the court.
Plaintiff in error was indicted and convicted of the offence of retailing spirituous liquors. The proof shows that a battalion muster was held at his house in April, 1841, and that he sold to one John C. Carter, three bottles of whisky, each holding a quart or more, which whisky was drunk upon the premises. The defence set up is, that his house was -the place appointed by law for holding of musters, and that such being the case, the act of 1827, ch. 15, allowed to retail. This act gave the *11 power, and constitutes a good defence, if it be not repealed by the act of 1838, ch. 120.
We do not think it necessary to enter into a minute investi-lion of this subject in this case, as it has been done heretofore in the case of Dyer vs. The State: Meigs’ Rep. 237. There the court say, that retailing is the selling of any quantity of spirits less than a quart, or any greater quantity, if to be .drank at the place where sold. And that the act of 1838, ch. 120, does operate a repeal of all laws authorizing the retailing of spirituous liquors, because the doing so is made a misdemeanor, punishable by fine. This decides the present case — if all laws authorizing the retailing of spirituous liquors be repealed, of course the act of 1827, ch. 15 is — and the ground upon which the defence rests is gone. We, therefore, affirm the judgment of the circuit court.